# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| TRISHA ROMANO, et al., | CASE NO. 5:17-cv-668 |
| PLAINTIFFS, | JUDGE SARA LIOI |
| vs. | **MEMORANDUM OPINION AND ORDER** |
| HUDSON CITY SCHOOL DISTRICT BOARD OF EDUCATION, et al., | |
| DEFENDANTS. | |

Before the Court is the motion of plaintiff Trisha Romano for leave to file a second amended complaint. (Doc. No. 49 ["Mot."].) Defendants have filed a brief in opposition. (Doc. No. 57 ["Opp'n"].) Plaintiff has filed a reply. (Doc. No. 58 ["Reply"].)[1] For the reasons set forth herein, plaintiff's motion to amend is granted in part and denied in part.

## I. BACKGROUND

The original complaint was filed on March 30, 2017 by plaintiff Trisha Romano and her husband, Matthew Romano, who is a licensed attorney and was representing himself; Trisha Romano had separate counsel. The complaint (Doc. No. 1) set forth the following claims against the defendants: § 1983 First Amendment retaliation (Count I); age discrimination under Ohio law (Count II); aiding and abetting unlawful discrimination under Ohio law (Count III); and retaliation under Ohio law (count IV). The original complaint was amended, with leave, on October 9, 2017, after the Court granted plaintiffs' motion to extend the deadline to amend by two months. The first

---

[1] Following a status conference on January 11, 2018, wherein the Court and counsel discussed, *inter alia*, amending the complaint, the Court permitted plaintiff to either file a newly-proposed second amended complaint (in light of defendants' opposition) or a reply. She chose to file the latter.

amended complaint (Doc. No. 17) added claims of age discrimination and retaliation under the Age Discrimination in Employment Act ("ADEA") (Counts V and VI).

On November 10, 2017, Trisha Romano's counsel moved to withdraw and new counsel moved to be substituted in place of the withdrawing counsel. Neither motion gave any reason for the withdrawal and substitution. The Court granted both motions on November 13, 2017.

Immediately prior to this substitution of counsel, the parties were involved in a discovery dispute relating to depositions. The dispute had been referred by the Court to the assigned magistrate judge, who issued orders resolving it after conferring with counsel.[2] The substitution of counsel was permitted with the caveat that new counsel would be bound by the magistrate judge's scheduling orders. (*See* non-document order dated November 13, 2017.)

At the time of substitution, a little less than six weeks remained until the non-expert (fact) discovery cut-off of December 22, 2017, which had been set by the Court. (*See* Doc. No. 10, Case Management Plan and Trial Order.) In a joint status report filed on October 16, 2017, the parties indicated that they had agreed amongst themselves to extend that deadline to January 12, 2018, and that plaintiffs would shortly file a motion seeking the Court's approval of that extension. (*See* Doc. No. 19, Joint Status Report.) No motion to extend was ever filed and, in their opposition to plaintiff's instant motion, defendants properly argue that the motion to amend was filed "approximately two weeks after the close of fact discovery." (Opp'n at 954.) Despite plaintiff's position in her reply that "discovery had not yet closed at the time [she] filed her second motion

---

[2] Discovery disputes continued, ultimately resulting in a motion filed by defendants for a protective order and for an order of contempt against plaintiff Trisha Romano's new counsel. (*See* Doc. No. 36.) The magistrate judge resolved the protective order portion of the motion. This Court withdrew the reference with respect to the contempt portion of defendants' motion (*see* Doc. No. 53), and later determined that it would defer ruling on the motion for contempt. (*See* Minute Order dated January 11, 2018.) That motion is now ripe for determination and the Court will rule by separate order.

2

to amend[]" on January 2, 2018 (Reply at 1117), this is not correct. The parties never sought, and the Court never granted, any extension of the December 22, 2017 non-expert (fact) discovery deadline.

Contemporaneously with the instant motion for leave to file a second amended complaint, plaintiff Matthew Romano moved to voluntarily dismiss himself and all of his claims. Following discussion with the Court at the status conference on January 11, 2018, the parties agreed to the dismissal of Matthew Romano and all of his claims, with prejudice. This was subsequently memorialized. (*See* Doc. No. 55.) At that same status conference, as reflected in the minutes, "the Court advised that *it will permit plaintiff Trisha Romano to amend her complaint to remove any section 1983 claim and to retain only the federal and state age discrimination and retaliation claims*." (Minute Order, 1/11/2018, emphasis added.) Defendants opposed the amendment on the grounds that it would not simply "streamline[] the factual and legal issues" as plaintiff claimed (*see* Mot. at 893), but instead would change plaintiff's liability theories after fact discovery had closed. The Court set up a briefing procedure in the hope that plaintiff and her new counsel would redraft the complaint in a way that would accomplish plaintiff's stated purpose to "streamline" the complaint.[3]

Following the January 11th status conference, plaintiff Trisha Romano chose to proceed with her motion to file her originally-proposed second amended complaint which she insists "does not add any new parties, nor . . . any new claims[,]" but will, instead, "streamline[] the factual and

---

[3] During the status conference on January 11th, the Court discussed with plaintiff's new counsel and defendants' counsel what appears to be a bad faith strategy on plaintiff's counsel's part to not so much streamline the complaint but, rather, to hold defendants hostage to a claim dismissed without prejudice as to one plaintiff that had been dismissed with prejudice as to the other. Notwithstanding the discussion, plaintiff has not changed her position, and seeks to dismiss the claim without prejudice.

legal issues . . . [by] omit[ting] [her] 42 U.S.C. § 1983 claims . . . under the First Amendment[.]" (Mot. at 893.)

## II. DISCUSSION

Ordinarily, leave to amend is governed by Fed. R. Civ. P. 15(a)(2), which provides that leave should be "freely given when justice so requires." It is this rule that plaintiff relies upon. (Mot. at 894.) But, as properly pointed out by defendants in their opposition, once the Court has filed a pretrial scheduling order under Fed. R. Civ. P. 16 establishing a timetable for amending pleadings, that schedule may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

"The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (internal citations and quotation marks omitted). "Another relevant consideration is possible prejudice to the party opposing the modification." *Id.* (citation omitted).

Plaintiff attempts to justify her belated, post-discovery request to file a second amended complaint by arguing that, since it does not add any new parties or claims, but rather eliminates a substantive claim, a party, and several substantive allegations, defendants could not possibly be prejudiced by the amendment or even object to it. But defendants correctly argue that, in the proposed second amended complaint, plaintiff "recasts and rephrases numerous allegations, adds new allegations that are contrary to obtained evidence, and deletes allegations that are fully supported by obtained evidence, in an attempt to radically alter [her] prior factual theories of this case." (Opp'n at 950-51.)

Plaintiff also attempts to justify her belated, post-discovery request to further amend her complaint by arguing that amendment is necessary due to her "present counsel's view of the

4

issues." (Reply at 1110.) Because plaintiff retained new counsel after the deadline for amending pleadings *and* after the non-expert (fact) discovery cutoff, plaintiff argues that this justifies permitting her new counsel to re-frame the facts and the issues.

There is nothing in the record before this Court to substantiate plaintiff's suggestion that her substitution of counsel was something unanticipated and out of her control, much less something that was not purely strategic. She supplies no case law to support her assertion that "the necessity to retain new counsel, in and of itself, satisfies the test for diligence and provides good cause." (Reply at 1118.) The Court's own independent research revealed cases where courts rejected an appearance of new counsel alone as the source of "good cause." *See, e.g.*, *Glaxosmithkline LCC v. Glenmark Pharm., Inc.*, No. 14-877-LPS-CJB, 2016 WL 7319670 at *3 (D. Del. Dec. 15, 2016) ("new counsel's entry into a case does not serve as a magic wand that enables the party to conjure up a showing of good cause[]") (citation omitted); *Cardenas v. Whittemore*, No. 13CV1720-LAB (KSC), 2015 WL 4410643, at *2 (S.D. Cal. July 16, 2015) ("[m]ere substitution of counsel is insufficient cause to amend a scheduling order[]"); *see also Lyden v. Hogan Dedicated Servs., LLC*, No. 15-9289-CM, 2016 WL 6778941, at *2 (D. Kan. Nov. 16, 2016) ("[a] change in legal strategy or the errors of past counsel do not equate to due diligence").

Having considered the parties' respective positions, the Court concludes that there is no prejudice to defendants if plaintiff is permitted to dismiss Counts I and IV without prejudice, and, to that extent, plaintiff's motion is granted. But, in all other respects, plaintiff's motion to amend is denied because plaintiff has failed to show good cause to amend Counts II, III, V and VI at this late date, following completion of fact discovery and in a manner that would not "streamline" the

complaint but would, rather, significantly change plaintiff's theories of liability and, thereby, prejudice the defendants.

### III. CONCLUSION

For the reasons set forth herein, plaintiff's motion for leave to file a second amended complaint is granted in part and denied in part. Count I (First Amendment retaliation) and Count IV (retaliation under state statutes and common law) are dismissed without prejudice. (Plaintiff Matthew Romano and all of his claims are already dismissed and, to the extent the first amended complaint contains allegations relating to Matthew Romano and/or his claims, those allegations may simply be ignored.) The plaintiff will not be permitted to file a new second amended complaint as to her remaining claims, which are Count II (state law age discrimination), Count III (state law aiding and abetting discrimination), Count V (ADEA age discrimination claim), and Count VI (ADEA retaliation claim).

**IT IS SO ORDERED**.

Dated: April 26, 2018

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**