UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TRISHA ROMANO, et al., | ) | CASE NO. 5:17-cv-668 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **ORDER OF CLARIFICATION** |
| | ) | |
| HUDSON CITY SCHOOL DISTRICT | ) | |
| BOARD OF EDUCATION, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

On April 26, 2018, the Court issued a Memorandum Opinion and Order (Doc. No. 61 ["MOO"]) granting in part and denying in part plaintiff's motion for leave to file a second amended complaint.[1] The MOO dismissed without prejudice Count I (First Amendment retaliation) and Count IV (retaliation under state law and common law), and noted that all claims brought by plaintiff Matthew Romano had previously been dismissed and "may simply be ignored." (MOO at 1135.) This left for resolution Count II (age discrimination under state law), Count III (aiding and abetting), Count V (ADEA age discrimination), and Count VI (ADEA retaliation).

On May 4, 2018, plaintiff filed a motion to clarify the MOO. (Doc. No. 62.) Plaintiff asserts that her motion to file a second amended complaint only sought dismissal of Count I. She wishes to proceed with her state law claim of retaliation for engaging in the protected activity of opposing

---

[1] Plaintiff had sought, at least in part, "to amend to conform to the evidence . . . based upon [p]laintiff's present [*i.e.,* new] counsel's appreciation of the facts in this case." (Doc. No. 58 at 1110.) (All page number references are to the page identification number generated by the Court's electronic docketing system.) Of course, such an amendment is unnecessary under Fed. R. Civ. P. 8, which does not require a party to plead every fact known to support her claims. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (Rule 8 does not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face"). "If simply learning additional facts during the course of discovery was a sufficient basis, without more, to amend a complaint, presumably complaints would be amended in virtually every action." *Fox v. Travers City Area Pub. Sch. Bd. of Educ.*, No. 1:07-CV-956, 2008 WL 4590409, at *1 (W.D. Mich. Oct. 9, 2008).

age discrimination, as asserted in Count IV. The Court now agrees that it incorrectly linked Count IV to Count I. Count IV as pleaded in the first amended complaint is more properly linked to the state law age discrimination claim in Count II.

Therefore, plaintiff's motion to clarify is granted. The dismissal of Count IV of the first amended complaint is vacated and that count is restored to the complaint.

**IT IS SO ORDERED**.

Dated: May 9, 2018

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**